IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gricel S. ECHAVARRIA, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Gricel S. ECHAVARRIA, Respondent.

Supreme Court

*No. 2004AP499–D. Decided September 5, 2007.*

2007 WI 116

(Also reported in 737 N.W.2d 660.)

6

¶ 1. PER CURIAM. We review a referee's report recommending that Gricel Echavarria's license to practice law in Wisconsin be reinstated. We adopt the referee's findings of fact and conclusions of law and agree that Attorney Echavarria's license to practice law should be reinstated. We direct Attorney Echavarria to pay the costs of the reinstatement proceeding, which total $2478.34 as of April 5, 2007.

¶ 2.   Attorney Echavarria was admitted to practice law in Wisconsin in 2000. On November 17, 2003, this court summarily suspended Attorney Echavarria's license in the wake of her conviction in federal court for conspiracy to produce and transfer false identification documents, counterfeit resident alien cards, and counterfeit social security cards, in violation of 18 U.S.C. §§ 1028(a) and 1546(a), and 42 U.S.C. § 408(a)(7)(C), a class D felony. Her (then) husband, Victor, was also prosecuted in connection with this scheme. In the criminal proceeding, Attorney Echavarria was sentenced to 27 months of imprisonment.

¶ 3.   In the ensuing disciplinary proceeding, this court accepted a stipulation that the conduct for which Attorney Echavarria was convicted constitutes a criminal act that reflects adversely on her honesty, trustworthiness, or fitness as a lawyer, in violation of SCR 20:8.4(b). *See In re Disciplinary Proceedings Against Echavarria*, 2004 WI 51, 271 Wis. 2d 289, 679 N.W.2d

7

294. Attorney Echavarria's license to practice law was suspended for a period of two years, retroactive to the date she was summarily suspended. *Id.*

¶ 4.　Attorney Echavarria now seeks reinstatement of her license to practice law in Wisconsin. Catherine Rottier was appointed referee in the matter and conducted a formal hearing on the reinstatement petition. The referee filed her report and recommendation on March 23, 2007. Neither the Board of Bar Examiners (BBE) nor the Office of Lawyer Regulation (OLR) oppose the referee's recommendation.

¶ 5.　SCR 22.31(1) provides the standard for reinstatement of a law license. The petitioner has the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶ 6.　This Court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718.

¶ 7.　Attorney Echavarria was first eligible to petition for reinstatement in August 2005. She filed her petition in August 2006. The hearing on this reinstatement petition was conducted in January 2007. Several

individuals testified in support of Attorney Echavarria's reinstatement. Two individuals appeared in opposition to her petition, asserting that the serious nature of the underlying offenses should preclude reinstatement.

¶ 8. The referee found that Attorney Echavarria has not practiced law during her suspension. She has complied with all the terms of her suspension, has maintained competence and learning in the law, and her conduct since the suspension has been "exemplary." The referee found that Attorney Echavarria "has fully complied with the terms of the order of suspension and the requirements of SCR 22.26."

¶ 9. Upon review of the record we agree that Attorney Echavarria has established by clear, satisfactory, and convincing evidence that she has satisfied all the criteria necessary for reinstatement. We are mindful of the concerns articulated by the two citizens who opposed this reinstatement. The underlying crime for which Attorney Echavarria was convicted is undoubtedly serious. However, Attorney Echavarria has accepted responsibility for her criminal conduct, has served her sentence, and has expressed remorse. Michael Harper, Senior U.S. Probation Officer for the U.S. District Court for the Western District of Wisconsin, has advised this court that his office has no objections to Attorney Echavarria being reinstated and licensed to practice law. The OLR does not oppose reinstatement. The record contains considerable evidence of Attorney Echavarria's cooperation with law enforcement authorities and the OLR, personal counseling, and efforts toward rehabilitation. As the referee noted, Attorney Echavarria "has done everything the Court has asked her to do during the period of suspension." After careful consideration, we therefore con-

clude that the record before this court supports the referee's findings that Attorney Echavarria has established by clear, satisfactory, and convincing evidence that she has satisfied all the criteria necessary for reinstatement.

¶ 10. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Echavarria's license to practice law in Wisconsin subject to her compliance with mandatory continuing legal education (CLE) reporting requirements. We further direct Attorney Echavarria to pay the costs of the reinstatement proceeding.

¶ 11. IT IS ORDERED that the petition for reinstatement of the license of Gricel S. Echavarria to practice law in Wisconsin is granted, effective the date of this order, subject to her compliance with mandatory CLE reporting requirements.

¶ 12. IT IS FURTHER ORDERED that within six months of the date of this order Gricel S. Echavarria pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of her inability to pay the costs within that time, the license of Gricel S. Echavarria to practice law in Wisconsin shall be suspended until further order of the court.

¶ 13. ANNETTE KINGSLAND ZIEGLER, J., did not participate.